ZHANG GUO LIN, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney
General, Respondent.

No. 05–71419.

United States Court of Appeals,
Ninth Circuit.

ed by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Victoria Calle, New York, NY, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Zhang Guo Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006), and we dismiss the petition in part and deny in part.

We lack jurisdiction to review the IJ's determination that Lin is statutorily ineligible for asylum because of the one-year time bar. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

Substantial evidence supports the IJ's denial of Lin's withholding of removal claim. The record does not compel a finding that Lin suffered past persecution, *see Gu,* 454 F.3d at 1019–21, and does not compel a finding of a clear probability of future persecution, *see Ramadan,* 479 F.3d at 658.

Substantial evidence further supports the IJ's denial of CAT relief, because Lin did not show that it was more likely than not that he would be tortured if returned to China. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

